UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES E. PALMER,

    Petitioner,

v.                                                       Case No. 8:18-cv-670-WFJ-JSS

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER

Before the Court is James E. Palmer's Motion to Vacate and Set Aside the Court's May 2020 Order and Judgment Denying Palmer's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. Doc. 35. Mr. Palmer brings his present motion pursuant to Federal Rule of Civil Procedure 60(d)(3) for "fraud on the court." He asserts that new evidence shows that the State committed fraud on the state post-conviction court through its presentation of certain testimony by Mr. Palmer's trial counsel at an evidentiary hearing in April 2016. Doc. 35 at 1–2. Because Mr. Palmer makes allegations of fraud, misconduct, and misleading evidence in his motion, the Court will liberally construe Mr. Palmer's motion as seeking relief under Rule 60(d)(3) for "fraud on the court" or, alternatively, Rule 60(b)(3) for "fraud . . . , misrepresentation, or misconduct by an opposing party[.]" *See* Fed. R. Civ. P. 60(b)(3), (d)(3).

1

## ANALYSIS

In 2008, Mr. Palmer was convicted of four counts of sexual battery of a person less than 12 years of age, one count of lewd molestation, and one count of battery. Doc. 10-5 at 177–82. He was sentenced to life in prison. *Id.* at 188–89. In his present motion, Mr. Palmer takes issue with his trial counsel's testimony at the post-conviction court's 2016 evidentiary hearing on Mr. Palmer's ineffective assistance of counsel claim. Doc. 35 at 5–6. Mr. Palmer's trial counsel testified at the hearing that he decided not to obtain a medical expert for trial, in part, because the expert would need to conduct a second examination of the minor victim. *Id.* Mr. Palmer argues this testimony was fraudulent or misleading because, over four years later in September 2020, Mr. Palmer retained a medical expert who provided an affidavit stating that a second medical examination of the minor victim would not have been necessary. *Id.* at 9. Mr. Palmer attached this medical expert's one-page affidavit to his present motion. Doc. 35-1 at 15.

The Court finds that Mr. Palmer's motion warrants no relief under Rules 60(b)(3) or 60(d)(3) for several reasons. First, when construed as a Rule 60(b)(3) motion, the motion must be denied as untimely. Pursuant to Rule 60(c)(1), a Rule 60(b)(3) motion must be brought within one year of the date on which the judgment was entered. *See Smith v. Nat'l Credit Sys., Inc.*, 760 Fed. App'x 869, 870–71 (11th Cir. 2019) ("A motion under Rule 60(b)(3) must be brought within one year after the entry of judgment."). Mr. Palmer filed his motion on November 18, 2022, well beyond one

year after judgment was entered on May 5, 2020.

Second, even if his Rule 60(b)(3) motion were timely, Rule 60(b) may not be used to reopen a final habeas judgment unless the motion challenges "not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceeding." *Gonzalez v. Crosby*, 545 U.S. 532, 533 (2005). While "fraud" on the federal habeas court constitutes such a defect, *see id.* at 532 n.5, Mr. Palmer has not alleged that fraud has occurred during *this Court*'s habeas proceedings. Rather, Mr. Palmer contends that the State committed fraud during the state post-conviction court's evidentiary hearing. Thus, like in *Gonzalez*,[1] the alleged fraud was perpetrated on a state court, not the federal court. As such, Mr. Palmer's motion fails.

Third, in previously denying Mr. Palmer's ineffective assistance of counsel ground for relief based on his trial counsel's failure to obtain a medical expert, this Court found that Mr. Palmer's claim was procedurally defaulted and without merit because Mr. Palmer failed to demonstrate prejudice. *See* Doc. 21 at 10–12. Even if the alleged "fraud" affected this Court's decision on the merits, it had no influence on the

---

[1] In *Gonzalez v. Crosby*, 545 U.S. 532 (2005), the petitioner alleged that perjured testimony was given at his sentencing after retrial, which he claims resulted in the jury returning a death sentence. *Gonzalez*, 366 F.3d at 1282-84. According to the petitioner, the testimony destroyed his chances of mitigation because the former prosecutor should have truthfully testified, he advised the victim's family that life without parole was not an option. *Id.* at 1282–84. The Eleventh Circuit held that the alleged fraud was committed, if at all, on the state court and not the federal court in a habeas proceeding, thereby precluding relief from the habeas judgment. *Id.* at 1284–85.

Court's determination that the claim was procedurally defaulted. Thus, the alleged misrepresentation does not impact the denial of the claim. *See Olem Shoe Corp. v. Washington Shoe Corp.*, 591 F. App'x 873, 886–87 (11th Cir. 2015) ("To successfully bring a Rule 60(b)(3) motion, the movant must prove by clear and convincing evidence that an adverse party has obtained the verdict through fraud, misrepresentation, or other misconduct and must also show that the conduct prevented the losing party from fully and fairly presenting his case or defense.").

Fourth and finally, even if construed as a Rule 60(d)(3) motion,[2] Mr. Palmer's motion still fails because he has not shown true "fraud on the court." "[O]nly the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute a fraud on the court." *Gupta v. Walt Disney World Co.*, 482 F. App'x 458, 459 (11th Cir. 2012) (quoting *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978)). The alleged misrepresentation by trial counsel during the evidentiary hearing that a medical expert would need to re-examine the minor victim "do[es] not constitute the kind of clear and convincing evidence of egregious conduct required to establish fraud on the court." *Id.* (citation omitted). The one-page affidavit of a medical expert retained by Mr. Palmer four years after the evidentiary hearing does not demonstrate otherwise.

---

[2] "Rule 60(d)(3) allows for relief from a final judgment that is more than one year old if the movant can show 'fraud on the court.'" *Gupta v. Walt Disney World Co.*, 482 F. App'x 458, 459 (11th Cir. 2012) (quoting Fed. R. Civ. P. 60(d)(3)).

## CONCLUSION

Accordingly, Mr. Palmer's Motion to Vacate and Set Aside Judgment (Doc. 35) is **DENIED**. This Court should grant an application for certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Mr. Palmer has failed to make this showing. Thus, a Certificate of Appealability is **DENIED**. And because Mr. Palmer is not entitled to a Certificate of Appealability, he is not entitled to proceed on appeal *in forma pauperis*.

**DONE AND ORDERED** at Tampa, Florida, on April 6, 2023.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Petitioner, *pro se*
Counsel of Record